IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Gordon Jones,  )  )     Plaintiff,  )  ) v.  )  )  ) Doug Richardson, Stuart Surratt,  ) Brandon Prino, Catherine Dursse,  )  )     Defendants.  ) _____ ) | **ORDER**  Civil Action No. 2:22-cv-2162-BHH |

    This matter is before the Court upon Plaintiff Edward Gordon Jones' ("Plaintiff") complaint against the above-named Defendants. The matter was referred to a United States Magistrate Judge for preliminary review, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C.

    On September 27, 2022, Magistrate Judge Molly H. Cherry issued an order instructing Plaintiff to provide certain necessary paperwork to bring his case into proper form. The order also notified Plaintiff of pleading deficiencies, and thereafter, Plaintiff filed an amended complaint and several letters. (*See* ECF Nos. 7, 11, 12, 13, 14, 15, and 18.) After reviewing the record, the Magistrate Judge issued a report and recommendation ("Report") on June 26, 2023, outlining the issues and recommending that this action be summarily dismissed because (1) release from prison is not an available remedy under 42 U.S.C. § 1983; (2) this Court is not authorized to interfere with a state's ongoing criminal proceedings, *see, e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); (3) Plaintiff has failed to plausibly allege facts to support a Fourth Amendment claim against Defendants Prino or Richardson; (4) Plaintiff has failed to allege facts to show that Defendants Sarratt or

Dursse, acted under color of state law; (5) Plaintiff has failed to allege any facts to plausibly allege any violation of his Seventh, Ninth, Tenth, or Thirteenth Amendment rights; and (6) because Plaintiff has not asserted a valid federal claim, and diversity jurisdiction does note exist, the Court should not exercise supplemental jurisdiction over any of Plaintiff's state law claims.  Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's thorough and well-reasoned analysis.  Accordingly, the Court adopts and specifically

incorporates the Magistrate Judge's Report (ECF No. 19), and for the specific reasons set forth in the Report, the Court dismisses this action without prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks<br>United States District Judge

July 18, 2023
Charleston, South Carolina